2177

Johnny Dale SMOAK and Margie A. Crosby, Respondents v. Lorinda Black WRIGHT, Appellant. In re Wesley WRIGHT, d/o/b 8-17-89.

(443 S.E. (2d) 920)

Court of Appeals

*Bradford P. Simpson* and *B. Randall Dong*, both of *Simpson and Dong*, Columbia, *for appellant.*

*Paul N. Siegal* and *Harriet A. Bonds*, Waterboro, *for respondents.*

Heard March 10, 1994.

Decided April 25, 1994.

*Per Curiam:*

In this child visitation action, Lorinda Black Wright appeals the trial judge's denial of her motion to dismiss for lack of jurisdiction under the Uniform Child Custody Jurisdiction Act. See S.C. Code Ann. §§ 20-7-782 through 20-7-830 (1985). We reverse.

Respondent Johnny Dale Smoak and Lorinda Black Wright are natives of Colleton County and were engaged to be married in November 1988. She was pregnant at that time, the child having been conceived in Colleton County. She broke off the engagement and moved to Bamberg for a short time. After advising Smoak that she intended to marry Garry Wright, father's distant cousin, she moved to Utah and married him in March 1989. The child was born in Utah on August 17, 1989. Since that time, she and the child have been to South Carolina on three occasions for short visits with her parents. The child did not have any contact with the father or the paternal grandparents during these visits, nor has he had any contact with them at any other time. Under these facts, despite the child's conception in this State, we hold the child does not have a "significant connection" with this State.

The trial judge concluded the child had substantial contacts with South Carolina because: the child was conceived in South Carolina; the mother is a native of South Carolina; and the father, maternal grandparents, and paternal grandparents live in South Carolina. We disagree.

S.C. Code Ann. § 20-7-788(a)(1-4) sets forth the Act's principal jurisdiction provisions. Subsection (a)(2) controls here, and it provides:

> ... a court of this state may exercise jurisdiction if it is in the child's best interest because ... (i) the child and his parents, or the child and at least one contestant, have a

significant connection with this State and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships. . . .

We hold the child does not have a "significant connection" with this State and, therefore, the family court of this State does not have jurisdiction. Accordingly, we do not address the additional questions of: (1) the additional "substantial evidence" requirement of S.C. Code Ann. § 20-7-788(a)(2)(ii); or (2) assuming this State has jurisdiction, whether it should refuse to exercise jurisdiction under the "inconvenient forum" provisions in S.C. Code Ann. § 20-7-796 (1985).

Reversed.